The constitution declares, that "the county court shall have such jurisdiction in cases arising in justices' courts, and in special cases, as the legislature may prescribe; but shall have no original civil jurisdiction, except in such special cases" (art. 6, § 14). In other words, the legislature may confer on county courts unlimited original civil jurisdiction in special cases. The action in this instance was for an assault and battery, which the plaintiff claims, and the supreme court has decided to be a special case within the meaning of the constitution. Whether this construction is justified by the spirit and intent of that instrument, is the question now presented.
The word "special" is obviously used in the clause referred to as a word of limitation. The framers of the constitution never designed to confer upon the legislature the power to grant original and unlimited jurisdiction to county courts in all cases, or they would have said so by omitting the qualification annexed to the power. It is equally obvious to my mind that they did not intend that a case should become special by being designated as such by the legislature, as this would indirectly confer the authority, the exercise of which directly was prohibited. Respect for the convention and the high character of its members will not admit the supposition that their object was to impose a formal article upon the people, which in terms was restrictive of the legislative power, but in reality meant something else; or, at most, created a verbal distinction which could only embarrass those whose duty it might be to interpret it. We are therefore bound to inquire if there is *Page 596 
not something more than a distinction, merely nominal, between the "cases" and "special cases" mentioned in this article, to be ascertained by a fair construction of its language.
The primary meaning of the word case, according to lexicographers, is cause. When applied to legal proceedings it imports a state of facts which furnishes occasion for the exercise of the jurisdiction of a court of justice. In this, its generic sense, the word includes all cases, special or otherwise. At the forming of the constitution, independently of the general division of cases into those cognizable in equity and those at law, the latter were by the common law grouped into different species; each of which, as a general rule, was designated by the leading fact or incident which was the cause or ground of the action of the court in that particular species of case, as debt, assumpsit, trespass, c. But because each case belonged to a species, this, it is hardly necessary to say, did not make it a special case; for in that sense, not only all cases but all things are special. The primary signification of the word "special" is, "designating a species or sort;" whether we adopt this meaning or that of "particular," "peculiar," "noting something more than ordinary," or "appropriate, designed for a particular purpose," or "extraordinary and uncommon," in all which senses the word is used, is perhaps not very material. The constitution, as we have seen, does not by the term "special cases," refer to every species of case, for this construction would annul the limitation on the power of the legislature altogether; but it designates or was designed to designate a particular "sort," possessing certain characteristics which distinguish them from those ordinary cases which the common law had arranged and classified; cases which are extraordinary in this sense, and "peculiar," and which in general are authorized by the law to "subserve a particular purpose." *Page 597 
So much may be inferred from the language of the article; and prior to and at the time of the adoption of the constitution there was a large class of cases answering to this description, or some part of it, known to the profession and to every well informed layman. Many of them will be found in chap. 8, part 3 of the Revised Statutes, entitled "of proceedings in special cases," such as summary proceedings to recover land, rent of demised premises, draining swamps, and proceedings under the insolvent laws, as well as those mentioned in the 11th subdivision of § 30 of the Code. I shall not attempt to enumerate them; it is sufficient that such a class of cases was distinctly recognized in our statutes, and that there was, therefore, a legal subjectin esse to which the language of this article would apply when the constitution was framed and when it was adopted. Whatever difficulties may arise in discriminating between special cases and others, in particular instances, there can be no doubt that the common law actions of debt and trespass, c., ought not to be classed with the former.
No man with any claim to legal intelligence would distinguish a suit in either of the above cases as a special proceeding or a special case. If any proceeding known to the law could be called ordinary, usual, and opposed to all that was peculiar, special or extraordinary, it was the common law action of trespass for an injury to the person.
The argument is that this action is converted into a special case, because the legislature has provided that the defendant must reside within the county where the suit is instituted, and has limited the plaintiff's claim for damages to five hundred dollars. But it is quite obvious that the amount claimed, whether of debt or damages, cannot alter the nature of the proceeding, nor is that affected by the residence of the parties. These circumstances may operate upon the court by limiting its jurisdiction; but they do not affect the case when the jurisdiction is established. It is true, in this instance, that the legislature has attempted *Page 598 
to confer upon the county court a special jurisdiction. But the matter to be ascertained is not what they have done, but what they were authorized by the constitution to do. If they possessed the power to legislate at all upon this subject, it must be for the reason that the action of assault and battery, as it existed at the common law, constituted a "special case" when the constitution was adopted, according to the true intent and meaning of that instrument. If such were its true character then, there would be no restriction upon the legislature, and the extent of jurisdiction to be granted would be a mere question of expediency. According to the argument addressed to us, and to the theory upon which the legislature must have acted in assuming to pass the law in question, every case arising in a justice's court must be special. Of course, the authority to confer jurisdiction in special cases would include them without further specification. But the convention in this article have distinguished between "cases" arising in that court, and "special cases" in which the county court could be clothed with original jurisdiction, by omitting the prefix "special," in reference to the first class, and annexing it to the other.
The framers of the constitution understood that an action of debt, in a justice's court, was as much an ordinary common law action as when commenced in a court of general jurisdiction. It is obvious that they did not suppose that an action to enforce a promissory note for five dollars was more "peculiar and extraordinary," and therefore special, than if the assumpsit was for one thousand. And after some reflection I am unable to distinguish between an assault and battery committed upon a resident of the city of New-York, and the same injury inflicted upon a resident of any other place, in all that can give character to a legal proceeding for redress.
I think that the people have said to the legislature, by their ratification of this article, you shall have authority to confer unlimited original civil jurisdiction upon the county *Page 599 
courts, in the special cases now existing, or which may hereafter arise, in the fair exercise of your general power of legislation. All other "cases" now recognized by the law are excepted from this grant of power; and as to them you are prohibited from vesting that court with any such jurisdiction, either general, or special and limited. Now there were "cases" which fell within this exception when the constitution was adopted, or the article is not merely useless, but insensible; and if the cause of action spread upon this record was not one of them, it is incumbent upon those who affirm this, to point to any case in the range of the law which was within the exception. But if the action of assault and battery was a case excepted, it is impossible that the legislature could convert it into a special one by the grant of a limited jurisdiction to the county court in respect to it, when they were expressly forbidden to confer any jurisdiction whatever. And yet this is substantially the position occupied by the plaintiff. The exercise, by the legislature, of a power not granted them is first used to turn the old action of trespass for an assault and battery into a "special case;" and the special case, thus created, is then made the basis to uphold the action of the legislature.
I am of the opinion that the judgment of the supreme court should be reversed. The constitution is far from being perfect; but it cannot be amended in the mode attempted, without the establishment of a principle that would set aside all restriction upon the legislative power.