(81 App. Div. 386.)

### HOWARD IRON WORKS v. BUFFALO ELEVATING CO.

(Supreme Court, Appellate Division, Fourth Department. March 10, 1903.)

1. COUNTY COURTS—JURISDICTION—AMOUNT IN CONTROVERSY—COUNTERCLAIM.
    Const. art. 6, § 14, provides that the jurisdiction of county courts shall not be extended so as to authorize an action therein for the recovery of money only in which the sum demanded exceeds $2,000. Code Civ. Proc. § 340, provides that the jurisdiction of the county court shall extend to certain actions wherein "the complaint demands judgment for a sum of money only, not exceeding $2,000." Section 3333 declares that the word "action" signifies an ordinary prosecution for the enforcement or protection of a right or the redress or prevention of a wrong. Section 501 de-

fines a counterclaim as a "cause of action," etc. *Held*, that a county court has no jurisdiction of a counterclaim seeking a recovery in excess of $2,000.

2. SAME.

Neither can it retain jurisdiction of a portion of such counterclaim up to the amount of $2,000.

Nash, J., dissenting.

Appeal from Trial Term, Erie County.

Action by the Howard Iron Works against the Buffalo Elevating Company. From a judgment overruling a demurrer to the counterclaim, plaintiff appeals. Reversed.

The action was commenced in the county court of Erie county on the 23d day of July, 1902, to recover the sum of $897.56, alleged to be due and owing to the plaintiff for work, labor, services rendered, and materials furnished in installing certain appliances in the movable tower of the defendant's property, known as the "Dakota Elevator," situate in the city of Buffalo, N. Y., for which sum judgment is demanded against the defendant. The defendant, by its answer, in effect denies any indebtedness to the plaintiff on account of the allegations of the complaint. It then alleges that the plaintiff failed to carry out and perform the terms and conditions of the contract under which the services and materials in question were rendered and furnished, and that because of such failure it sustained damage in the sum of $30,000, which is set up as a counterclaim, and judgment is demanded against the plaintiff that it recover nothing because of the allegations in the complaint, and that the defendant recover an affirmative judgment for $30,000, besides the costs of the action. Plaintiff demurred to the counterclaim set forth in the answer "upon the ground that the court has not jurisdiction of the subject thereof, in that the said counterclaim demands judgment against the plaintiff for the sum of $30,000, and, this being an action on contract, the court is limited in its jurisdiction by the Constitution and laws of the state of New York to granting a judgment not exceeding $2,000." The learned county court overruled the demurrer, with costs, granting leave to the plaintiff to serve a reply to said counterclaim within 20 days after service of the interlocutory judgment upon it, and judgment was entered accordingly. From such judgment this appeal is taken.

Argued before ADAMS, P. J., and McLENNAN, WILLIAMS, HISCOCK, and NASH, JJ.

Loran L. Lewis, Jr., for appellant.
Alfred L. Becker, for respondent.

McLENNAN, J. The jurisdiction of the county court is limited by section 14 of article 6 of the Constitution of the state of New York, which provides:

"* * * County courts shall have the powers and jurisdiction they now possess, and also original jurisdiction in actions for the recovery of money only, where the defendants reside in the county, and in which the complaint demands judgment for a sum not exceeding two thousand dollars. The Legislature may hereafter enlarge or restrict the jurisdiction of the county courts, provided, however, that their jurisdiction shall not be so extended as to authorize an action therein for the recovery of money only, in which the sum demanded exceeds two thousand dollars, or in which any person not a resident of the county is a defendant."

Section 340 of the Code of Civil Procedure provides:

"The jurisdiction of each county court extends to the following actions: * * * (3) To an action for any other cause, where the defendant is, or if there are two or more defendants, where all of them are, at the time of the

commencement of the action, residents of the county and wherein the complaint demands judgment for a sum of money only, not exceeding two thousand dollars; or to recover one or more chattels, the aggregate value of which does not exceed one thousand dollars, with or without damages for the taking or detention thereof."

Section 348 provides:

"Where a county court has jurisdiction of an action or a special proceeding, it possesses the same jurisdiction, power and authority in and over the same, and in the course of the proceedings therein, which the Supreme Court possesses in a like case; and it may render any judgment, or grant either party any relief, which the Supreme Court might render or grant in a like case, and may enforce its mandates in like manner as the Supreme Court." ·

Section 3333 of the Code of Civil Procedure defines the word "action" as follows:

"The word 'action,' as used in the New Revision of the Statutes, when applied to judicial proceedings, signifies an ordinary prosecution, in a court of justice, by a party against another party, for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense."

In Heffron v. Jennings, 66 App. Div. 443, 73 N. Y. Supp. 410, this court decided that in an action brought in county court to recover a sum of money only, if a judgment in excess of $2,000 is demanded in the complaint, the county court acquired no jurisdiction of the subject-matter of the action, and had no power to make an order permitting the complaint to be amended so as to reduce the sum demanded to that amount, or to do any other act by which jurisdiction could be acquired; that in no case may a plaintiff in such an action demand or recover a judgment for more than $2,000. It follows that in such a case a demurrer would be sustained if interposed to the complaint upon the ground "that the court has not jurisdiction of the subject of the action." Section 488, subd. 2, Code Civ. Proc. It is, however, urged on behalf of the respondent that a different rule applies to a defendant in such an action, who seeks by way of counterclaim to recover a judgment against a plaintiff; that as to him the jurisdiction of the court is in no manner limited or restricted. In other words, admitting that the plaintiff in an action brought in county court to recover a sum of money only may not, under any circumstances, demand or recover a judgment for more than $2,000, but insisting that the defendant in such an action may recover judgment against the plaintiff for any amount—a million dollars it may be —provided only he has a demand which is the proper subject of counterclaim, pleads it as such, and establishes it by proof upon the trial of the action. The rule contended for is unreasonable and inequitable. It would not tend to promote the orderly administration of justice, and, unless made necessary by the express words of the Constitution or statutes of the state, it ought not to be adopted. There is certainly no decision as yet, by any court in this state, which makes such a holding necessary. We must assume that the purpose of the framers of the Constitution and of the lawmaking power of the state, when dealing with the subject under consideration, was a reasonable one, and such a purpose, if discoverable should be given force and effect, even although, because of some seeming omissions

in the provisions of the Constitutions and Code, there may be spelled out another purpose, which is unreasonable, unjust, and inequitable. It is not reasonable or just that a plaintiff who brings an action in a court of limited jurisdiction to recover a claim of a few hundred dollars, the limit for which such court could award him judgment, should thereby become compelled to have adjusted before that tribunal matters involving many thousands of dollars, even although growing out of the same transaction which was the basis of plaintiff's claim. It is not equitable that one party to an action may only recover a certain sum because the jurisdiction of the court as to him is limited, and that the other party to the action may recover a much greater sum solely because as to him the jurisdiction of the court is unlimited.

There is nothing extraordinary or peculiar about the nature of a cause of action which may be made the subject of counterclaim by a defendant which distinguishes it from a plaintiff's cause of action. In all essential respects they are identical, and no good reason is apparent why different rules should exist for their enforcement in courts of record. Concededly, a plaintiff may select the court in which to enforce his claim, and the same is equally true of the defendant. He is in no manner bound to submit his rights respecting any cause of action he may have to the court of record selected by the plaintiff. He may do so if he wishes, and, if so, must plead it as a counterclaim; but he is not bound to do so. He may bring an independent action in any court which he may select. A counterclaim is plainly defined by section 501 of the Code. As applied to this case, it is "a cause of action arising out of the contract or transaction set forth in the complaint, as the foundation of the plaintiff's claim or connected with the subject of the action." The Court of Appeals, defining "counterclaim" in Cragin v. Lovell, 88 N. Y. 259, said, per Earl, J.:

"By section 501 of the Code a counterclaim is defined to be a cause of action against the plaintiff in favor of the defendant. It must then be a cause of action upon which the defendant could sue the plaintiff, and which he holds and possesses against the plaintiff at the place where the action is commenced. A defendant cannot avail himself of a counterclaim which the court before which the action is pending has no jurisdiction to try and determine. A counterclaim must be a complete cause of action existing in favor of the defendant where he asserts it; otherwise he has no counterclaim there."

Involved in this case are "causes of action," two in number; no more, no less, no matter what may be their technical names respectively. The fact, or the nature of the controversy, is in no manner changed by calling one "plaintiff's cause of action" and the other "counterclaim." Why should a rule as to the court's jurisdiction apply to one and not to the other—a rule which would absolutely oust the court of jurisdiction in case the plaintiff's claim had amounted to $30,000, but which confers jurisdiction in case a claim for the same amount is presented by the defendant? It is apparent from the provisions of the several Constitutions and Statutes of the state relating to the subject that it was the primary purpose to refuse jurisdiction to county courts of actions brought to recover a sum of money, only, involving large amounts, and in none of such provisions is any distinction made, in express terms at least, because of the fact that the right

to recover such amounts might be asserted by a defendant rather than a plaintiff. The Constitution of 1846, art. 6, § 14, provided:

"The county courts shall have jurisdiction in cases arising in justice's court and in special cases as the Legislature may prescribe, but shall have no original civil jurisdiction except in such special cases."

So far as we have been able to discover, this provision of the Constitution remained unchanged until the adoption of the new judiciary article in 1869. Immediately following the adoption of the Constitution of 1846, the Legislature, by section 30, c. 280, p. 328, of the Laws of 1847, assumed to confer upon county courts original jurisdiction of "actions of debt, assumpsit and covenant, when the debt or damages claimed shall not exceed two thousand dollars." The act was declared to be constitutional by the Supreme Court. Beecher v. Allen, 5 Barb. 169. The act, however, was, in effect, repealed the following year by chapter 379, p. 497, of the Laws of 1848, and that act, as amended, was incorporated into the Code of Procedure of 1849. The Legislature did not assume by either of those acts (1848, 1849) to confer upon county courts original jurisdiction of actions for the recovery of money only. In 1851, after the decision in Beecher v. Allen, supra, had been rendered, the Legislature passed an act amending the Code of Procedure of 1849, and title 4, § 30, provides:

"The county court has jurisdiction in the following special cases, but has no original civil jurisdiction except in such cases: (1) Civil actions in which the relief demanded is the recovery of a sum of money not exceeding five hundred dollars, * * * and in which all the defendants are residents of the county in which the action is brought at the time of its commencement," etc.

Subsequently, and in 1855, the case of Kundolf v. Thalheimer, 12 N. Y. 595, was decided by the Court of Appeals, which overruled Beecher v. Allen, supra, and held, in substance, that the Legislature could not confer upon county courts original jurisdiction of common-law actions. The doctrine of that case was, in effect, overruled in Arnold v. Rees, 18 N. Y. 57, and it was held, in substance, that the Legislature had power, under the Constitution of 1846, to confer original jurisdiction upon county courts of causes of action which were cognizable at common law, and such as the one in suit; and the power of the Legislature to confer jurisdiction of such actions under the Constitution of 1846 has never been denied since the decision of Arnold v. Rees, supra, so far as we have been able to discover. At all events, the provision contained in the Code of 1851 was incorporated into all the subsequent Codes enacted prior to the adoption of the judiciary article in 1869, and the county courts of the state have uniformly exercised the jurisdiction thereby conferred.

Article 6, § 15, of the judiciary article of the Constitution, adopted in 1869, provided:

"The county courts shall have the powers and jurisdiction they now possess, until altered by the Legislature. They also shall have original jurisdiction in all cases where the defendants reside in the county, and in which the damages claimed shall not exceed one thousand dollars. * * * They shall also have such original jurisdiction as shall from time to time be conferred upon them by the Legislature."

That provision remained unchanged until the adoption of the Constitution of 1894. Following the adoption of the judiciary article, the Legislature passed an act, chapter 467, p. 1041, of the Laws of 1870, which provides:

"Section 1. County courts, in addition to the powers they now possess, shall have jurisdiction in civil actions where the relief demanded is the recovery of a sum of money not exceeding one thousand dollars, or the recovery of personal property not exceeding in value one thousand dollars, and in which all the defendants are residents of the county in which the action is brought at the time of its commencement," etc.

Chapter 480, p. 690, of the Laws of 1880, purported to amend that section by increasing the jurisdiction of county courts in civil actions, "where the relief demanded is the recovery of a sum of money not exceeding three thousand dollars." The act was declared unconstitutional (Buckhout v. Rall, 28 Hun, 484); but, independent of the constitutional question, it is to be noted that section 1, c. 467, p. 1041, of the Laws of 1870, was repealed by chapter 417, p. 474, of the Laws of 1877, and the whole subject was regulated by the Code adopted the same year, which provides:

"Sec. 340. The jurisdiction of each county court extends to the following actions and special proceedings, in addition to the jurisdiction, power and authority conferred upon a county court in a particular case by special statutory provision: (1) To an action for the partition of real property, for dower," etc. "(2) To an action in favor of an executor, administrator or assignee of a judgment creditor," etc. "(3) To an action for any other cause where the defendant is, or if there are two or more defendants, where all of them are, at the time of the commencement of the action, residents of the county, and wherein the complaint demands judgment for a sum of money only, not exceeding one thousand dollars, or to recover one or more chattels the aggregate value of which does not exceed one thousand dollars, with or without damage for the taking or detention thereof."

That provision of the Code prescribed the jurisdiction of county courts, until amended by chapter 946, p. 816, of the Laws of 1895, when subdivision 3 was changed so as to give the court jurisdiction in actions "wherein the complaint demands judgment for a sum of money only not exceeding two thousand dollars"; and the section as thus amended has not since been changed.

We have referred to the provisions of the Constitutions and Statutes of the state relating to the jurisdiction of county courts of actions like the one at bar for two reasons: First. To show that it has been the uniform purpose, since the adoption of the Constitution of 1846, to limit the jurisdiction of such actions to those where only comparatively small amounts were involved. For a time no original jurisdiction of such actions was conferred; then only where the relief demanded did not exceed $500; afterwards increased to $1,000, and finally to $2,000. Second. To show that during all the years from 1846, and at least prior to 1877, the test of jurisdiction was not "wherein the complaint demands judgment" for a particular sum, but when the "debt or damages claimed" (chapter 281, p. 328, Laws 1847); the "relief demanded" (section 30, Code 1849); "the damages claimed" (article 6, § 15, Judiciary Article, Constitution adopted 1869); the "relief demanded" (chapter 467, p. 1041, Laws 1870); and even after the adoption of the Code of 1877, wherein the words "wherein the complaint demands

judgment" were used, the Legislature, in chapter 480, p. 690, Laws
1880, again used the language "where the relief demanded." The test
was, what was the amount of the damages or relief claimed or demand-
ed because of the causes of action which the respective parties sought
to litigate? If such amount was in excess of the court's jurisdiction,
it was without power to adjudicate upon such respective causes of
action.

Under the express language of the provisions of the Constitutions
and Statutes prior to 1877, it cannot be claimed that it was intended to
apply a different rule of jurisdiction where the "relief demanded" or
"damages claimed" was by a defendant rather than by a plaintiff.
The test was what was the amount involved in the respective causes
of action it was sought to litigate before the court as determined by
the demands of the respective parties. We think such test was in
no manner changed by the language used in the Code of 1877, or in
the Code and Constitution now in force.

The provision of the Constitution of 1894 already referred to com-
pels this conclusion: By the first clause of the section quoted the
jurisdiction of county courts is expressly limited "in actions for the
recovery of money only" to cases "in which the complaint demands
judgment for a sum not exceeding two thousand dollars." That pro-
vision takes care of the plaintiff and of his cause of action. No word
or sentence could be added to make the jurisdiction of a county court
more certain or definite in respect to an action brought by a plaintiff,
or in respect to a cause of action upon which he might seek to recover
in such court. The Constitution says, substantially in so many words,
a plaintiff may bring an action in county court to recover a sum of
money, and demand judgment for any amount not exceeding $2,000.
If more than that sum is demanded, the demand ousts the court of
jurisdiction. After thus declaring, must we assume that the framers
of the Constitution intended to say the Legislature must not permit
a plaintiff to bring such an action in a county court "wherein the
complaint demands judgment for more than two thousand dollars"?
The proposition is absurd, because the Constitution by express words
had already said just that. The second clause of the constitutional
provision, however, does provide: "The Legislature may hereafter
enlarge or restrict the jurisdiction of the county courts: provided,
however, that their jurisdiction shall not be so extended as to au-
thorize an action therein for the recovery of money only, in which
the sum demanded exceeds two thousand dollars," etc. In that clause
nothing is said about the "complaint" or the plaintiff. That had all
been taken care of by the first clause. What, then, was intended by
the last clause? Clearly, it means an "action" as defined by section
3333 of the Code, which was in force when the Constitution was
adopted, and which makes no distinction between a cause of action
presented by a plaintiff and one presented by a defendant. Each is
declared to be an action. The Constitution in express terms said,
the county court shall not have jurisdiction of a plaintiff's cause of
action in case judgment in excess of $2,000 is demanded in the com-
plaint. It also, in effect, said the Legislature may not confer juris-
diction upon the county court of a defendant's cause of action—a

counterclaim is nothing more—if the sum demanded exceeds $2,000. Any other interpretation would render the second clause of the section meaningless.

We are not, however, left to reasoning in the abstract upon the proposition. The case of Cragin v. Lovell, supra, must be regarded as decisive of the question. In that case, as we have seen, it was held:

"It [a counterclaim] must, then, be a cause of action upon which the defendant could sue the plaintiff. * * * A defendant cannot avail himself of a counterclaim which the court before which the action is pending has no jurisdiction to try and determine."

In Bishop's Code Practice, § 196, it is said:

"A counterclaim must be a cause of action. This means a cause of action upon which the defendant could sue the plaintiff. It must also be a cause of action of which the court in which the action is brought has jurisdiction."

The defendant could not have sued the plaintiff in county court for the cause of action set up in its answer. The amount for which judgment is demanded would have ousted the court of jurisdiction (Heffron v. Jennings, supra), and therefore it was not a proper subject of counterclaim.

Article 5, § 16, of the Constitution of the state of Texas provides that the county courts of that state shall not have jurisdiction of civil actions in which the amount in controversy exceeds a sum specified. In construing that provision it was held in Gimbel v. Gomprecht, 89 Tex. 497, 35 S. W. 470:

"A plea in reconvention is, in effect, a suit against the plaintiff, and the county court has no jurisdiction over a claim so pleaded, when in excess of the amount over which that court has jurisdiction."

In the case of Pennybacker v. Hazlewood, a case in which the Court of Civil Appeals of the same state construed the section (61 S. W. 153), it was held that, where a defendant set up a counterclaim for $1,255, which was in excess of the jurisdiction of the court, the court was without jurisdiction to try the same. In both these cases it was held that defendant's plea did not oust the court of jurisdiction of plaintiff's cause of action, but that the court did not have jurisdiction of the defendant's alleged cause of action, solely because it exceeded the amount prescribed by the Constitution.

There can be no difference in the meaning of the words "amount in controversy" and the words "damages claimed" or "relief demanded," as used in the statutes of this state to which attention has been called. The provisions of the Constitution, and the whole trend of legislation upon the subject lead to the conclusion that the limitation of $2,000 applies to a counterclaim (defendant's cause of action) the same as to plaintiff's cause of action, and that, where a recovery is demanded for either in excess of $2,000, the county court has not jurisdiction of the cause of action in which judgment in excess of that sum is asked. The jurisdiction of county courts, as prescribed by section 340 of the Code of Civil Procedure, was not extended or enlarged by section 348. The word "action," as used in that section, has the meaning given it by section 3333—"signifies an ordinary prosecution, in a court of justice, by a party against another party." It has reference

to the cause of action which either party is seeking to enforce in the county court. The meaning of the section was considered in Mead v. Langford, 56 Hun, 279, 9 N. Y. Supp. 586; also in Thomas v. Harmon, 46 Hun, 75; and it was held, in substance, that the section only conferred jurisdiction to grant such relief as was incidental to or an incident of the plaintiff's cause of action. If a plaintiff brings an action upon a promissory note made by a defendant, the defendant may set up by way of counterclaim a claim for work, labor, and services which he may have against the plaintiff, but such demand is in no sense incidental to or an incident of plaintiff's cause of action. It is a separate and independent cause of action, and can only be interposed as a defense to plaintiff's demand because permitted by statute. It was not intended by section 348 to confer upon county courts jurisdiction of counterclaims. Such jurisdiction must be found wholly independent of that section of the Code. Jurisdiction of counterclaims, or of a defendant's cause of action, is not conferred upon county courts by any express words of the Constitution or statutory provisions. Such courts for half a century have, however, exercised such jurisdiction, and the power has never been questioned. But the authority must be found in the words "actions" in which the "relief demanded" or the "damages claimed" or "actions * * * in which the complaint demands judgment for a sum not exceeding two thousand dollars." Ought it to be held that a complaint which is required to contain "a plain and concise statement constituting each cause of action" (section 481, Code) can only be presented or submitted by a plaintiff? Just such a statement or complaint must be made if the cause of action constituting a counterclaim is set up in an answer. Section 500, Id. An answer which only sets up a counterclaim in no manner answers or controverts the allegations of the complaint. It admits all of them, but complains against the plaintiff because of an independent cause of action; one for which the defendant might have brought another action against the plaintiff. However inconsistent or inharmonious the provisions of the Code may be, it is certain that county courts have not jurisdiction of counterclaims, unless such demands are to be regarded as actions brought by a defendant against a plaintiff, and that a statement of the cause of action which constitutes the basis of the action is a complaint, notwithstanding it may be contained in the answer.

It may be stated as a proposition of law that a cause of action set up in an answer interposed by a defendant, although under the name of "counterclaim," is subject to precisely the same rule, as to the jurisdiction of the county court, as would be a similar cause of action if alleged or set up by a plaintiff. In either case, if the judgment demanded is in excess of $2,000, the county court has no jurisdiction of such cause of action, or "of the subject of the action."

The respondent's contention is untenable that, in any event, the county court had jurisdiction of defendant's counterclaim to the extent of $2,000, and that, therefore, the plaintiff, instead of demurring to the answer, should have made a motion to compel the defendant to reduce its demand to $2,000. If we are right in the conclusion that the jurisdiction of the county court as to defendant's cause of action stands

upon the same basis as does a plaintiff's cause of action, the demand for judgment in the one case as in the other determined the jurisdiction of the court.

The conclusion is reached that, the defendant having set up in its answer a cause of action by way of counterclaim, for which it demanded an affirmative judgment against the plaintiff in excess of $2,000, the county court had no jurisdiction of such cause of action, or "of the subject of the action," and therefore the answer was properly demurred to by the plaintiff upon that ground. It follows that the interlocutory judgment should be reversed, with costs.

Interlocutory judgment reversed, with costs, with leave to the defendant to serve an amended answer within 20 days after service upon it of a copy of the judgment herein upon payment of the costs of the demurrer and of this appeal.

ADAMS, P. J., and WILLIAMS, J., concur. HISCOCK, J., not voting.

NASH, J. (dissenting). "County courts shall have * * * original jurisdiction in actions for the recovery of money only, where the defendants reside in the county, and in which the complaint demands judgment for a sum not exceeding two thousand dollars." Const. art. 6, § 14. Jurisdiction over counterclaims is conferred by the sections of the Code of Civil Procedure which define a counterclaim and enact rules respecting its allowance. Sections 500–512. The contention of the appellant is that the county courts have no jurisdiction of a counterclaim, "unless it be considered as a cause of action in favor of the defendant against the plaintiff which may be brought against him in the main action, and which would, therefore, be governed by the same rule of jurisdiction" as that conferred upon the court to entertain the plaintiff's cause of action; hence, the court has no jurisdiction over a counterclaim which exceeds, or where judgment is demanded for a sum exceeding, $2,000. The proposition has for its foundation the premise, as stated in the brief for the appellant, that "there is no specific grant of jurisdiction to the county court over counterclaims." It is further suggested that it may be asserted that section 348 of the Code extends the jurisdiction of county courts to cover counterclaims, and it is asked by virtue of what power did the county court entertain jurisdiction of counterclaims prior to 1876, when neither this section nor any similar to it, existed? It was by virtue of the power conferred by the act of 1852, p. 651, c. 392, amending certain sections of the Code of Procedure, in which the name "counterclaim" was given to the "new matter constituting a defense," authorized by the Code of Procedure of 1849 (Laws 1849, p. 646, c. 438, § 149, subd. 2). The amendment of 1852 provided (Laws 1852, p. 654, c. 392, § 149, subd. 2) that the answer of the defendant must contain a statement of new matter constituting a defense or counterclaim, and in the amendment (section 150) defined a counterclaim in substance as it has been since and is now defined by section 501 of the Code of Civil Procedure. The Code of 1849 provided:

"Sec. 8. This act is divided into two parts. The first relates to the courts of justice and their jurisdiction. The second relates to civil actions com-

menced in the courts of this state after the first day of July, 1848, excepting where otherwise provided therein, and is distributed into fifteen titles. The first four relate to actions in all the courts of the state, and the others to actions in the Supreme Court, in the County Courts, in the Superior Court of the city of New York, in the Court of Common Pleas for the city and county of New York, in the Mayors' Courts of cities, and in the Recorders' Courts of cities, and to appeals to the Court of Appeals, to the Supreme Court, to the County Courts, and to the Superior Court of the city of New York." Laws 1849, p. 614, c. 438.

By this provision, which was a re-enactment of section 8 of the Code of 1848 (Laws 1848, p. 498, c. 379), the rules of procedure, practice, and pleading were made applicable to all the courts therein named. That section is omitted in the Code of Civil Procedure (chapters 448, 449, pp. 1, 290, Laws 1876), but the first act is entitled "An act relating to courts, officers of justice and civil proceedings," and chapter 1 is entitled "General provisions relating to courts and the members and officers thereof"; title 1 of chapter 1 is entitled "The courts of the state, their general powers and attributes, and general regulations pertaining to the exercise thereof." It must, therefore, be inferred that the procedure in all the courts of record of original jurisdiction enumerated in the Code of Civil Procedure (section 2) is the same. The amount for which the defendant may take an affirmative judgment upon a counterclaim is not specified, but it may be assumed that, as the county court has jurisdiction in actions for money only to an amount not exceeding $2,000, that jurisdiction over counterclaims is intended to be limited to a like sum.

In Heffron v. Jennings, 66 App. Div. 443, 73 N. Y. Supp. 410, it was held that the county court had not jurisdiction in an action for slander, in which the complaint demanded judgment for $5,000, and that the court had not power to allow the plaintiff to amend the complaint by reducing the amount of damages claimed to $2,000. The decision was placed upon the letter of the Constitution (article 6, § 14) and the legislative enactment pursuant thereto that the jurisdiction of county courts shall extend, in actions for money only, to actions in which the complaint demands judgment for a sum of money not exceeding $2,000. Where, however, the action is commenced by the service of a summons, the court acquires jurisdiction when it is served, and hence has power to amend the complaint filed afterward, if it demand judgment for too large an amount. Van Clief v. Van Vechten, 130 N. Y. 571, 581, 582, 29 N. E. 1017. The situation here is analogous. Having acquired jurisdiction of the action, the court can control the form of the pleading subsequently filed, and require the defendant to reduce the amount of its claim for damages by amendment to a sum within the jurisdiction of the court.

But why need the defendant amend? The counterclaim here set up is in its character and substance such as an answer may contain. Code Civ. Proc. § 501. Where a counterclaim is established which equals the plaintiff's demand, the judgment must be in favor of the defendant. Where it is less than the plaintiff's demand, the plaintiff must have judgment for the residue only. Where it exceeds the plaintiff's demand, the defendant must have judgment for the excess, or so much thereof as is due from the plaintiff. Where part of the excess is not due from the plaintiff, the judgment does not prejudice the de-

fendant's right to recover from another person so much thereof as the judgment does not cancel. Section 503. In a case not specified in the last section, where a counterclaim is established which entitles the defendant to an affirmative judgment, demanded in the answer, judgment must be rendered for the defendant accordingly. Section 504. Why may not the county court apply these rules to the counterclaim of the. defendant by the extinguishment of the plaintiff's cause of action established upon the trial, and give judgment to the defendant for the excess, if any, to the amount of $2,000, for which the county court has jurisdiction? If the defendant had set up the facts constituting the counterclaim in manner and form now alleged to its damage in an amount exceeding the plaintiff's claim, without alleging how much, and demanded judgment that the plaintiff take nothing because of the allegations of its complaint, and for the sum of $2,000, there would not have been anything in the answer showing want of jurisdiction. The defendant would have made its proofs the same as under the issues as now framed, and the defendant would take judgment in accordance with the demand of the answer. Why may not this be done under the present answer as well? The court is not precluded. It may allow the defendant to make its proofs, and, if the defendant elects, allow judgment to be taken for a sum within the jurisdiction of the court. In either case, under the pleading suggested, and the one now interposed, the trial of the issue would be the same. The plaintiff would not be in any way or manner injured. The defendant might loose the rest of its claim, but that would be at its election. If the defendant in an action brought in the county court may not interpose his counterclaim as suggested, great injustice may be done. If, in an action upon a promissory note for less than $2,000, brought in the county court by a plaintiff who is insolvent, but indebted to the plaintiff on contract, the plaintiff's note perhaps for $30,000, must the defendant allow judgment to go against him, and not be allowed to set up his demand as a counterclaim? If the question rested upon the application of equitable principles, certainly this would be most inequitable. But the case rests upon rules applicable to the construction of statutes. The question is one of power. I am unable to see why the power may not be exercised in the manner suggested. There is no express constitutional or legislative inhibition. That it may be done is impliedly suggested, if it has not direct approval, in the case of Van Clief v. Van Vechten.

I am of the opinion that the judgment of the county court should be affirmed.