MORRIS CURTIS, etc., Plaintiff, *v.* SAMUEL L. CURTIS and Others, Defendants.

Supreme Court, Special Term, New York County, February 24, 1942.

*Borowsky & Burrows*, for the plaintiff.

*Morris G. Duchin*, for the defendants.

EDER, J. The plaintiff heretofore served a bill of particulars. The defendants now move for a further bill of particulars. A verified bill of particulars was served by mail on August 11, 1941. The instant motion is made under subdivision (d) of rule 115 of the Rules of Civil Practice, which provides: "Where a bill of par-

ticulars, or copy of the items of an account, served pursuant to demand or order is regarded as defective or insufficient by the party upon whom it is served, such party shall make an application, upon notice, for an order of preclusion or directing the service of a further bill. In the absence of special circumstances, motion papers for such relief shall be served within ten days after the receipt of the bill claimed to be insufficient."

The necessity of justifying the omission to make this application within the ten days' period is recognized by defendants' counsel, who gives as the excuse for the delay that in the bill served, in the main the particulars sought are answered as " presently unknown " to plaintiff, and hence counsel felt defendants would wait a sufficient time to enable plaintiff to be in a position to give defendants a further bill of particulars that would have some substance to it.

However gracious this gratuitous act of defendants' counsel may be, plaintiff asserts in opposition that this unsolicited generosity cannot suffice as an excuse for omission to make the application within the time fixed by the rule and does not constitute " special circumstances " within the intendment of the rule.

I am of the opinion that the employment of the phrase, " in the absence of special circumstances," was intended to indicate a definite limitation— that after expiration of the ten days' period the omission to make the application should not be excused except for special reason. I so held, in construing this provision, in *McMullen* v. 3572 *De Kalb Ave. Corp.* (N. Y. L. J. July 12, 1941, p. 100).

In the instant case, where such an answer was given, as complained of, the defendants could have moved within the ten days' period for a further bill and thereupon procured an order directing the plaintiff to furnish the information sought, if thereafter acquired, and to furnish it at any time before trial. I so ruled, where such answers were given, in *Weatherston* v. *Weinkauf*, and in *Hoehn* v. *North Side Savings Bank* (N. Y. L. J. July 15, 1940, p. 112. See *Zevely* v. *Sinclair*, 225 App. Div. 652). Instead, the defendants, of their own volition, chose to adopt their own course of procedure.

" Special circumstances," it seems to me, would include illness, absence or death of a party or counsel, or some other incapacity, or the loss, misplacement of records, or some other contingency, or reason, out of the general or ordinary run of things. (*Kundolf* v. *Thalheimer*, 12 N. Y. 593, 596.)

No special circumstances are shown and the motion is denied.