Michael Catalano, J.
This is a motion for an order precluding evidence as to matters demanded in items 4 and 8 of the demand for a bill of particulars dated February 9, 1959, or, compelling the plaintiff to serve an amended bill in response to those items and omitting from paragraph 4 the words: ‘ ‘ Plaintiff specifieially reserves the right to prove any and all injuries resulting from this accident on the basis of further medical reports, records and testimony, the exact nature and extent of which are unknown to plaintiff at the present time,” and from paragraph ' 8 the words: ‘ ‘ Plaintiff specifically reserves the right to prove any and all other items of expense, the exact nature and extent of which are unknown to plaintiff at the present time.”
The demand for a bill of particulars was served upon the plaintiff’s attorney on February 9, 1959; the verified bill was served upon the defendant’s attorney on February 17, 1959 (although at one place the date is incorrectly stated to be “ February 27, 1959 ”); the notice of motion, with supporting affidavit, was mailed to the plaintiff’s attorney on April 8, 1959, or some 50 days later.
Upon the original return date of this motion, the defendant’s affidavit contained no “ special circumstances ” for the delay of over 10 days in bringing this motion according to subdivision (d) of rule 115 of the Buies of Civil Practice. The court allowed an adjournment of one week to allow the defendant an opportunity to supply such omission, if possible.
Upon the adjourned date the defendant produced an affidavit of her attorney stating, in part: ‘ ‘ that your deponent, during *60 the months of March and April, as well as during the entire trial term, is engaged in an extensive trial practice. That during the month of March, your deponent tried out five cases to a jury verdict, which, considering the days in court as well as the necessary preparation time, your deponent was compelled to devote much of his time to said cases. That in addition thereto, your deponent, when he was not in court, was occupied with several matters which had to be completed and submitted to a court during the month of March and the early part of April. ’ ’
Subdivision (d) of rule 115 of the Rules of Civil Practice provides:
“ Where a -bill of particulars, or copy of the items of an account, served pursuant to demand or order is regarded as defective or insufficient by the party upon whom it is served, such party shall make an application, upon notice, for an order of preclusion or directing the service of a further bill. In the absence of special circumstances motion papers for such relief shall be served within ten days after the receipt of the bill claimed to be insufficient.”
‘1 ‘ Special circumstances, ’ it seems to me, would include illness, absence or death of a party or counsel, or some other incapacity, or the loss, misplacement of records, or some other contingency, or reason, out of the general or ordinary run of thing’s. (Kundolf v. Thalkeimer, 12 N. Y. 593, 596.) ” (Curtis v. Curtis, 178 Misc. 213, 214, affd. 265 App. Div. 998.)
Here, the defendant’s attorney states that he was too busy with court matters to bring this motion within the 10-day period; this does not constitute “ special circumstances ” within the meaning of rule 115 of the Rules of Civil Practice. Such would render the period of limitation meaningless because every successful trial lawyer would plead that his heavy court calendar produced “ special circumstances ” to excuse his delay.
Where particulars are sought, which, at the time, a party is unable to state but may reasonably anticipate obtaining before trial, he may state under oath his lack of knowledge and information; nevertheless, a reservation of the right to make other and further claims upon the trial would frustrate the very purpose of requiring the service of a bill. (Manufacturers & Dealers Motor Underwriters v. Fire Brokers’ Assn., 186 App. Div. 762, 765.)
Here, if the moving party were not guilty of laches her motion would have merit. Unfortunately, she is barred.
Motion denied, without costs. Prepare and submit order accordingly.