■ CITY BANK FARMERS TRUST COMPANY, as Executor and Trustee of the Will of HELEN D. GEFFEN, Deceased, Appellant, v. MAXWELL M. GEFFEN, Respondent.— Order, entered on May 25, 1962, denying plaintiff's motion for leave to serve an amended supplemental complaint, unanimously modified, on the law and in the exercise of discretion, to the extent of granting leave to plaintiff-appellant to serve such amended supplemental pleading on condition that the plaintiff trustee pay individually, not chargeable to the trust fund, the sum of $250 costs, together with the costs and disbursements of the action to date, within 20 days after service of the order entered herein, and in the event plaintiff-appellant elects not to serve such amended supplemental pleading the order is affirmed, with $50 costs and disbursements to defendant-respondent against plaintiff-appellant without prejudice to the disallowance to the fiduciary of such payment by the court having jurisdiction. This 1954 action involves transactions in 1950. It is evident that the amendments in the proposed pleading relate to matters which plaintiff-appellant knew or should have known at divers times before the service of the prior pleading on May 3, 1956. This would ordinarily dictate denial of relief (*Jacobs* v. *Mexican Sugar Refining Co.*, 115 App. Div. 499, 501–502; Tripp, Guide to Motion Practice [rev. ed.], §§ 36–39). Only because a trust is involved and the charges of misconduct in connection with the obtaining of a settlement agreement between the decedent and her surviving husband are so grave, does the court exercise its discretion to grant upon conditions the relief sought (*Kyle* v. *City of New York*, 155 App. Div. 401, 402–403; Tripp, *loc. cit.*). Moreover, it is evident that defendant has been subjected to harassment and multiplied procedures, for which plaintiff-appellant, and not the trust, should bear the financial responsibility (Civ. Prac. Act, §§ 1499–1500; 23 Carmody-Wait, New York Practice, pp. 151–155; see, e.g., *Matter of McCarter*, 94 N. Y. 559, 562). Settle order on notice. Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.

■ HENRY P. REINEKE, Appellant, v. LESAVOY FOUNDATION et al., Respondents.— Order, entered on June 5, 1962, unanimously modified on the law and in the exercise of discretion to deny the motion unconditionally, and, as so modified, affirmed, without costs, and the motion to preclude denied, without costs. The motion was not made within the prescribed period of 10 days after service of the allegedly inadequate supplemental bill, and there is no showing of "special circumstances" tending to excuse the defendants' failure to timely move for the relief now sought. (Rules Civ. Prac., rule 115, subd. [d]; see, also, *Curtis* v. *Curtis*, 178 Misc. 213, affd. 265 App. Div. 998; *Montagna* v. *Profeta*, 17 Misc 2d 59.) Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.

