*204 OPINION OF THE COURT
Loren N. Brown, J.
Third-party defendant Franchise Services, Inc. (Franchise) has moved for leave to serve an amended answer to the third-party complaint with a cross claim against codefendants Prom Townhouse Motor Inn and Daland Company.
This personal injury action had its genesis in an accident occurring on December 2, 1982. D. R. McClain & Son (McClain), a California corporation, allegedly sold a dough rolling machine to a Pizza Hut Restaurant in Ogdensburg, New York, and through the use of the machine the plaintiff was allegedly injured. The manufacturer impleaded the third-party defendants by service of a complaint dated August 7, 1984. Franchise’s answer was silent as to the provisions of Business Corporation Law § 1312, which prohibits a corporation doing business in New York State without specific authority from the Secretary of State from maintaining any action in the courts of this State. At an examination before trial, held on September 11, 1985, the secretary and treasurer of McClain testified that the corporation had not been authorized to do business in New York. Franchise now moves to amend its answer to plead the failure of McClain to have authority to do business as an affirmative defense.
The motion is opposed by the plaintiff on the grounds that the information supplied at the examination before trial was easily ascertainable by inquiring of the Department of State or by other means and, therefore, was available to Franchise when it answered the third-party action. Moreover, if allowed to amend, Franchise, arguably, would be entitled to dismissal of the claim against it, and would be protected from any subsequent suit by the plaintiff by the Statute of Limitations for personal injury actions.
The first issue before the court is the contention by Franchise that the plaintiff is not a party to the third-party action and, therefore, lacks standing to challenge a motion which only concerns the third-party plaintiff and a third-party defendant. Though there appears to be no reported cases which are on point, CPLR 1008 provides that the rights of a third-party defendant are adverse to all other parties in the main and the third-party actions. (See, 622 W. 113th St. Corp. v Chemical Bank N. Y. Trust Co., 52 Misc 2d 444.) Because the plaintiff is, thus, an adverse party to Franchise, he is not a stranger to the motion by Franchise and has standing to object.
*205 Addressing the merits of the motion, plaintiffs contention that Franchise could have obtained sufficient knowledge to plead the defense in its original answer and should, therefore, be precluded from amending its answer (see, City Bank Farmers Trust Co. v Geffen, 18 AD2d 790), is without merit. Though an inquiry to the Department of State would have disclosed whether McClain was authorized to do business in the State, the inquiry would not have disclosed whether McClain was doing business in New York State within the meaning of Business Corporation Law § 1312. Sporadic business activity within the State does not give rise to a claim that a corporation was doing such business (Dixie Dinettes v Schaller’s Furniture, 71 Misc 2d 102) and Franchise apparently did not possess knowledge of McClain’s allegedly substantial business activity in the State until after the examination before trial was conducted.
Plaintiff’s alternate ground for opposing the motion, that amendment would allow a potential dismissal of the third-party action against Franchise which would make recovery more difficult, is also without merit. The prejudice to a plaintiff which results from an amendment that permits a defendant to make a meritorious and successful defense is not the type of prejudice which may defeat a motion to amend. (See, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3025:6, p 477.)
Accordingly, the motion to amend is granted upon the fair and equitable condition that Franchise may not raise any possible defense based upon the Statute of Limitations in a subsequent action by Tynon against Franchise based upon the same accident. Franchise has been aware of the potential claim against it for some time and had an ample opportunity to prepare its defense while memories were still fresh. Accordingly, plaintiff has 90 days from the date of this decision within which to initiate an action directly against Franchise.