(October 29, 1985)

■ TINTERORIAS IBERICAS DE PELETERIA, S. A., Appellant, v GAFCO, INC., Respondent.—Order of the Supreme Court, New York County (Scott, J.), entered on August 9, 1984, which granted defendant-respondent's motion to dismiss the complaint on the ground that plaintiff-appellant lacks legal capacity to sue, unanimously reversed, on the law, and the complaint is reinstated, with costs, without prejudice to renewal.

Plaintiff-appellant, a Spanish corporation with its principal place of business in Barcelona, Spain, sold fur and leather goods to Gafco, Inc., a domestic corporation with its principal place of business in New York, New York, for an agreed-upon price of $29,402. The merchandise was delivered to GAFCO which failed to render payments therefor.

On June 16, 1983, plaintiff-appellant commenced an action to recover $29,402 plus interest. Both parties agreed to a settlement in which the defendant-respondent was to make payments over a period of time. Defendant-respondent paid $10,000 by check, but stopped payment. Plaintiff-appellant brought another action for the balance of $19,402. The court at Special Term granted the defendant-respondent's motion pursuant to CPLR 3211 (a) (3) stating that the plaintiff-appellant lacked the legal capacity to sue in the State because it did not meet the requirements of Business Corporation Law § 1312 (a).

The statute is not designed to deny access to our courts by foreign corporations. (See, Von Arx, A.G. v. Breitenstein, 52 AD2d 1049.) Rather it is intended to require that those who do business in this State be authorized to do so. (Business Corporation Law § 1301.) At this stage, it is unclear whether the

plaintiff is doing business here or whether it may be seeking authorization to do so. (Business Corporation Law § 1312; *see, Tri-Terminal Corp. v CITC Indus.,* 78 AD2d 609.) Concur—Murphy, P. J., Kupferman, Sullivan, Carro and Lynch, JJ.