OPINION OF THE COURT
Con. G. Cholakis, J.
At issue in these motions is the availability of information concerning experts who will be called to testify at the time of trial. The third-party defendant has served notices, pursuant to the 1985 amendment of CPLR 3101 (d), upon the plaintiff and the third-party plaintiffs demanding information concerning their expert witnesses. That section provides, in pertinent part, as follows: "Upon request, each party shall identify each person whom the party expects to call as an expert witness at trial and shall disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualification of each expert witness and a summary of the grounds for each expert’s opinion.” (CPLR 3101 [d] [1] [i].)
Both the plaintiff and the third-party plaintiffs seek orders of protection denying the third-party defendant’s demand for *802 disclosure while the third-party defendant seeks orders dismissing plaintiffs complaint in the main action and third-party plaintiffs’ complaint in the third-party action for their willful failure to furnish the requested information.
The quoted section seems clear and unambiguous and, were there nothing more, the resolution of these motions would be simple and routine. However, the amendment was part of the Medical Malpractice Insurance Comprehensive Reform Act passed in 1985 (L 1985, ch 294, § 25) which provided that it would apply "to any actions commenced on or after [July 1, 1985]” (emphasis added). If the section applies, the court would then have to decide whether it applies only to the third-party action or also to the main action. If the section does not apply, then its predecessor section would apply and the information would not have to be disclosed unless certain stringent preconditions are met.
The court must then determine when the action or actions were commenced. The main action was commenced by the service of a summons with notice on June 21, 1985 (before the effective date of the quoted section) and the third-party action was commenced by service of a third-party summons and complaint upon the Secretary of State on September 6, 1985 (after the effective date of the quoted section). The basic issue which must be determined is whether a third-party action is one which is commenced independently of the main action or is it merely a continuation of and an addition to an already existing action.
The court has found no authority to guide its actions and the parties have supplied none. It therefore seems that this is a case of first impression.
There is no question that the defendants in the main action are seeking contribution or indemnification from the third-party defendant and, as such, they were free to commence a separate and independent action to accomplish their purpose. Had they done so, there is no doubt that the amended section would apply and the requested discovery would be proper.
However, the defendants have not chosen to maintain a separate and independent action; they have chosen, instead, to bring the third-party defendant into an existing action. They have utilized the provisions of CPLR 1007 and expanded the thrust of plaintiffs original action which was commenced prior to the effective date of the amendment of CPLR 3101 (d).
Procedurally, the action is not separate. The defendant, for *803 example, is required to serve a copy of the third-party complaint upon the plaintiff (CPLR 1007), and the third-party defendant must serve his answer upon the plaintiff and may assert in his answer any defenses to the plaintiffs claim (CPLR 1008). These and other procedural considerations contradict the basic concept urged by the third-party defendant, who stresses only that the third-party action, like all actions, is commenced only when the summons is served. This view ignores the procedural reality that the third-party action, whenever commenced, does not have a separate existence independent from the principal action and this remains true regardless of the substantive grounds of the third-party cause.
It is this court’s view that the main action and the third-party action are different parts of a single action which was commenced on June 21,1985 (CPLR 304).
Plaintiffs and third-party plaintiffs’ motions for protective orders are granted and third-party defendant’s motion for dismissal of plaintiffs and third-party plaintiffs’ complaints is denied.