*859 OPINION OF THE COURT
Shirley Fingerhood, J.
The question raised in this action, not previously answered in a reported decision in New York, is whether prejudgment interest and costs should be added to an award in the maximum amount allowed for property damage by the Warsaw Convention.[1]
The parties have stipulated to these facts: 15 drums of chemicals were damaged by an employee of defendant Aerolíneas’ ground handling agent while being loaded aboard an Aerolíneas plane in New York for shipment to Buenos Aires, Argentina. They have also stipulated that the Warsaw Convention governs and that Aerolíneas’ liability thereunder is $18,360 (918 kilos at $20 per kilo).
The Warsaw Convention established worldwide rules of liability for losses sustained by passengers and shippers of goods during international transportation by air. (Reed v Wiser, 555 F2d 1079 [2d Cir 1977], cert denied 434 US 922.) Under article 22 of the Convention, a carrier’s liability for loss or damage to goods is limited to $20 per kilogram unless it can be shown that the loss or damage is the result of the carrier’s "wilful misconduct”.
Two Circuit Courts of Appeals have come to different conclusions on the question of whether the limitation is inclusive of prejudgment interest. Plaintiff urges this court to follow the Fifth Circuit which allowed prejudgment interest in Domangue v Eastern Air Lines (722 F2d 256 [5th Cir 1984]), a wrongful death action, which was followed in Boehringer-Mannheim Diagnostics v Pan Am. World Airways (737 F2d 456), a property loss claim. Defendant and third-party defendant rely on O’Rourke v Eastern Air Lines (730 F2d 842 [2d Cir 1984]), also a wrongful death action in which the damage limitation provision of the Convention was held to be inclusive of prejudgment interest. O’Rourke was followed without discussion in an action for property loss (Exim Indus. v Pan Am. World Airways, 754 F2d 106 [2d Cir 1985]). Defendant urges this court to accept the analysis and reasoning of O’Rourke, conceding that the decision is not binding.
The opinion in O’Rourke (730 F2d 842, supra) begins with a *860 determination of the appropriate substantive law to be applied on the ground that choice-of-law "is necessary before we may consider in particular the prejudgment issue” (730 F2d, at p 846). In accordance with the rule that "[w]here jurisdiction rests upon diversity of citizenship, the court must apply the whole law of the state in which it sits” (supra, p 846). New York’s substantive law was found applicable to the claim against Eastern.[2]
Noting that prejudgment interest is a statutory requirement in wrongful death actions in New York, the Court of Appeals affirmed the District Court’s holding that the Warsaw Convention — an international treaty signed by the United States— preempts New York law. It reviewed the history and purpose of the Warsaw Convention, as supplemented by the Montreal Agreement.[3] That Agreement raised the limitation on damages for injury or death of international airline passengers to $75,000 and the airlines agreed to be absolutely liable unless the passenger was at fault.
Although prejudgment interest is not mentioned in either the Convention or the Agreement, the Second Circuit decided that "[i]n the absence of any contrary intent on the part of the framers, we may not read into that document a provision that allows the payment of prejudgment interest above the $75,000 liability limitation.” (730 F2d, at p 853.)
The opposite result reached by the Fifth Circuit in Domangue v Eastern Air Lines (supra) also depended in part on its interpretation of the Montreal Agreement. According to Domangue, the absolute liability provision adopted therein resulted from the desire of the United States to encourage the speedy resolution of claims by eliminating the issue of fault; prejudgment interest "advances the objective of encouraging speedy compensation to victims”[4] (722 F2d, at p 264).
*861 The Fifth Circuit also expressed its opinion that a defendant should not be able to use another’s money for the period between the loss and judgment and pay nothing for that benefit.
The law of the State of New York is in accord. CPLR 5001 provides for interest in an action for property loss or damage from the earliest ascertainable date upon which the cause of action arose.
In the words of the concurring opinion in Malkin v Wright (64 AD2d 569, 571 [1st Dept 1978]): "The award of interest is founded on the theory that there has been deprivation of the use of money or its equivalent. A function of interest is to make whole the party aggrieved. Interest is the price or rate paid by a borrower for the use of what he borrows, payment for the use of money or for the forbearance in demanding payment of a debt.” (Cf. De Long Corp. v Morrison-Knudsen Co., 20 AD2d 104 [1st Dept 1963].)
Article 28 of the Warsaw Convention may be interpreted to allow the law of the forum on prejudgment interest. Moreover, the purpose of the Convention — "to fix at a definite level the cost to airlines of damages” (Reed v Wiser, supra, p 1089), is served rather than thwarted by awarding interest. The airline’s liability is known upon the date of the loss; interest is earned by the airline on that amount from that date until judgment. Were prejudgment interest disallowed, the money paid would, in essence, be less than the limitation imposed by the Convention. It would be the present value of a future payment, a discounted amount. And the limit would not be uniformly fixed worldwide because it would vary according to the degree of congestion in each forum’s courts, procedural delays, and the tactics of the parties.
For the above-stated reason, judgment is granted for $18,360, with interest, from April 21, 1979.

. Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, October 12, 1929, adhered to by the United States, June 24, 1934 (49 US Stat 3000, 3014).

. A claim against the United States was also asserted.

. Agreement Relating to Liability Limitations of the Warsaw Convention and the Hague Protocol, Agreement CAB 18900, approved by order E-23680, May 13,1966 (docket 17325) (31 Fed Reg 7302 [1966]).

. Although the Montreal Agreement is not in issue here, we note that prejudgment interest may have a salutary effect on prompt resolution. Judge George Pratt stated in dissent in O’Rourke v Eastern Air Lines (730 F2d 842, 860): "Since Eastern was clearly and absolutely liable to pay plaintiff the $75,000 from the moment of death, interest on that sum earned during the legal proceedings required to compel its payment should accrue to plaintiff, not Eastern. Airline defendants and their insurers should not have an incentive to use the litigation process in order to reduce costs by delaying payment of moneys clearly due and owing.” (Emphasis added.)