CHARLES REESE, an Infant, by His Parent and Natural Guardian, SARAH REESE, et al., Plaintiffs, v HARPER SURFACE FINISHING SYSTEMS, Doing Business as THE HARPER COMPANY, Defendant and Third-Party Plaintiff-Appellant. BALDWIN BUFFING CORPORATION, Third-Party Defendant-Respondent.

Second Department, June 29, 1987

### APPEARANCES OF COUNSEL

*Lester, Schwab, Katz & Dwyer (Eric A. Portuguese* and *Steven B. Prystowsky* of counsel), for defendant and third-party plaintiff-appellant.

*Rivkin, Radler, Dunne & Bayh (Frank L. Amoroso* and *David P. Franks* of counsel; *David Brown* on the brief), for third-party defendant-respondent.

### OPINION OF THE COURT

LAWRENCE, J. P.

On this appeal, we are asked to determine whether the defendant third-party plaintiff Harper Surface Finishing Systems, doing business as The Harper Company (hereinafter Harper), a Connecticut corporation, must obtain authority to do business in this State and pay any required fees, penalties and franchise taxes, pursuant to Business Corporation Law § 1312, before it may continue to prosecute its third-party suit. We conclude that under the circumstances, Harper should not be precluded by the requirements of Business Corporation Law § 1312 from maintaining its claim against the third-party defendant Baldwin Buffing Corporation (hereinafter Baldwin).

### I

We begin with the procedural history of this case. The infant plaintiff Charles Reese and his mother, the plaintiff Sarah Reese, seek to recover money damages based upon the injuries allegedly sustained by the infant plaintiff while he was employed by Baldwin. It was specifically contended that the infant plaintiff had been injured by a buffing machine manufactured and supplied to Baldwin by Harper.

Harper served upon Baldwin a third-party complaint wherein it was averred, in pertinent part, that if Charles Reese had been injured in the manner alleged, his injuries were caused by "[t]he negligence, and/or violation of statute" by Baldwin. Therefore, Harper claimed that "if the plaintiff

*[sic]* recover[ed] any sums against [it], [it would] be entitled to indemnification and/or contribution from and to have judgment over and against [Baldwin] for all such sums or a part thereof". Baldwin, in its third affirmative defense asserted in its answer to the third-party complaint, contended, in relevant part, that Harper lacked the capacity to prosecute its third-party action, because it was a foreign corporation doing business in New York without authority, in contravention of Business Corporation Law § 1312 (a).

Harper subsequently moved, in pertinent part, to strike the third affirmative defense in Baldwin's answer on the grounds that (1) its third-party action was not barred by Business Corporation Law § 1312 (a) because its suit was a defensive procedure permitted pursuant to Business Corporation Law § 1312 (b); and (2) since it was not doing business in this State, it was not required to comply with the provisions of Business Corporation Law § 1312 (a). In opposition, Baldwin cross-moved to dismiss the third-party complaint on the basis of its third affirmative defense or in the alternative, to stay the third-party action until Harper met the requirements of Business Corporation Law § 1312.

By an order dated April 24, 1985, the Supreme Court, Nassau County (Becker, J.), in pertinent part, rejected Harper's contention that Business Corporation Law § 1312 was not applicable to a third-party claim but ordered a hearing to determine whether Harper was doing business in New York within the meaning of that statute. After the hearing, the Supreme Court, Nassau County (Kelly, J.), concurred with the earlier determination that Business Corporation Law § 1312 was applicable to the third-party action, and further concluded that since 1976 Harper had been doing business in this State within the meaning of the statute. The court, by its order entered May 15, 1986, in effect, denied that branch of Harper's motion which was to dismiss the third affirmative defense in Baldwin's answer and granted that branch of Baldwin's cross motion which sought to stay the third-party action until Harper complied with the provisions of Business Corporation Law § 1312. We reverse.

## II

Harper first contends that Business Corporation Law § 1312 is not applicable to its third-party action. With respect to this issue, we are presented with an apparent case of first impres-

sion in that neither we nor the parties have discovered any New York cases which have specifically determined whether Business Corporation Law § 1312 bars a foreign corporation doing business in New York without authorization from maintaining a third-party action.

Business Corporation Law § 1312 provides, in pertinent part, that:

"(a) A foreign corporation doing business in this state without authority shall not maintain any action or special proceeding in this state unless and until such corporation has been authorized to do business in this state and it has paid to the state all fees, penalties and franchise taxes for the years or parts thereof during which it did business in this state without authority * * *

"(b) The failure of a foreign corporation to obtain authority to do business in this state shall not * * * prevent the foreign corporation from defending any action or special proceeding in this state".

The purpose of this statute (and its predecessors) is to regulate foreign corporations which are conducting business in New York so that they will not be on a more advantageous footing than domestic corporations (see, Von Arx, AG. v Breitenstein, 52 AD2d 1049, 1050, affd 41 NY2d 958). Specifically, the statute is designed to encourage foreign corporations to qualify to conduct intrastate business and to pay the State taxes levied on that intrastate business (see, Comment, A Proposed Minimum Threshold Analysis for the Imposition of State Door-Closing Statutes, 51 Fordham L Rev 1360, 1361 [1983]). The statute was not enacted to deny foreign corporations access to the courts of New York (see, International Text Book Co. v Tone, 220 NY 313; Tinterorias Ibericas De Peleteria v Gafco, Inc., 114 AD2d 329; Von Arx, AG. v Breitenstein, supra).

As noted, while there are no decisions specifically construing the current statute with regard to third-party complaints,[1]

---

1. In Tynon v McClain & Son (131 Misc 2d 203), the court granted the third-party defendant's motion for leave to serve an amended answer to the third-party complaint to assert an affirmative defense on the ground that the defendant third-party plaintiff McClain & Son was not authorized to do business pursuant to Business Corporation Law § 1312. While the court did not specifically indicate its position as to the validity of the prospective affirmative defense, to the extent that its decision can be interpreted as indicating that the affirmative defense was meritorious, we decline to follow it.

decisions by the courts of this State under the predecessor laws warrant the conclusion that a foreign corporation doing business in New York without authorization may serve a third-party complaint under the circumstances herein.

In *Alsing Co. v New England Quartz & Spar Co.* (66 App Div 473, *affd* 174 NY 536), involving an action to recover upon a promissory note given by the defendant, a foreign corporation doing business in New York without authorization, the courts upheld a judgment in favor of the defendant upon its counterclaim. The Appellate Division, First Department, specifically stated that former General Corporation Law § 15 (L 1892, ch 687)[2] did not prevent the defendant from recovering upon a counterclaim which sought to recover moneys already paid upon the note. "Under the act of 1892 it is clear, we think, that a foreign corporation which has been made a party in ,an action in our courts has a right, in addition to contesting the claim made against it, to recover upon a counterclaim based upon the same transaction. *The defendant, having been brought into court and thus made to defend, should be allowed, unless there is a distinct provision to the contrary, not only to defend but also to litigate any question arising out of the transaction that has been made the basis of the plaintiff's complaint.* There is no such prohibitive provision in this statute, and, therefore, the obtaining of the certificate would not be a prerequisite to a recovery upon the counterclaim in question" *(Alsing Co. v New England Quartz & Spar Co., supra,* at 476; emphasis supplied).

In the subsequent case of *Howden & Co. v American Condenser & Eng'g Corp.* (194 App Div 164, *affd* 231 NY 627), the Appellate Division, First Department, reversed an order which had permitted the plaintiff to challenge the defendant's counterclaim which sought moneys in excess of the amount sought in the plaintiff's complaint, on the ground that the defendant was a foreign stock corporation which had not complied with pertinent provisions of former General Corporation Law § 15 (as amended by L 1917, ch 594)[3] and Tax Law former § 181 (as

2. Former General Corporation Law § 15 (L 1892, ch 687) provided, in pertinent part, that "No foreign stock corporation doing business in this state without [a] certificate [of authority] shall maintain any action in this state upon any contract made by it in this state until it shall have procured such certificate."

3. Former General Corporation Law § 15 (as amended by L 1917, ch 594) provided, in pertinent part, that "No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract

amended by L 1917, ch 490).[4] On appeal, the defendant apparently conceded that former General Corporation Law § 15 (as amended by L 1917, ch 594) would not preclude the counterclaim *(Howden & Co. v American Condenser & Eng'g Corp., supra,* at 166-167). With respect to the challenge to the counterclaim under Tax Law former § 181 (as amended by L 1917, ch 490), the court held that the statute did not bar a counterclaim which sought more than the amount asserted in the plaintiff's complaint, stating, in relevant part, that if the Legislature had intended to preclude the assertion of any counterclaim it would have specifically so stated *(see, Howden & Co. v American Condenser & Eng'g Corp., supra,* at 167-169).

Further, under the current statute, there is an express provision that a foreign corporation doing business in New York without authorization may defend any action or special proceeding in this State *(see,* Business Corporation Law § 1312 [b]). In defending any action, the CPLR provides that in an answer, the defendant may set forth a counterclaim and/or cross claim (CPLR 3019). Moreover, "[a]fter the service of his answer, a defendant may proceed against a person not a party who is or may be liable to him for all or part of the plaintiff's claim against him" (CPLR 1007). Finally, the CPLR specifically provides that a cause of action for contribution may be asserted "by cross-claim, counterclaim or third-party claim in a pending action" (CPLR 1403).

We note that it has been held that the third-party proceeding "is not separate" from the plaintiff's original action *(see, Rogowski v Day Co.,* 130 Misc 2d 801, 802). The third-party "action" merely represents the expansion of the plaintiff's original action "bring[ing] the third-party defendant into an existing action" *(Rogowski v Day Co., supra,* at 802). As noted by the Court of Appeals in *Cohen Agency v Perlman Agency* (51 NY2d 358, 362): "The law has long recognized the need for a procedure whereby one whose responsibility for an alleged legal wrong is to be tested in a lawsuit may bring before the

made by it in this state, unless prior to the making of such contract it shall have procured such certificate".

4. Tax Law former § 181 (as amended by L 1917, ch 490) provided in pertinent part, that "No action shall be maintained or recovery had in any of the courts in this state by such foreign corporation after thirteen months from the time of beginning such business within the state, without obtaining a receipt from the comptroller for the payment of the license fee upon the capital stock employed by it within this state during the first year of carrying on its business in this state".

court another who is claimed by the defendant to have a share in that responsibility so that all claims can be resolved in the one forum" *(see also, Dole v Dow Chem. Co.,* 30 NY2d 143).

Accordingly, we find no reason to limit the right of a foreign corporation doing business in New York without authorization to defend any action by precluding the service of a third-party complaint seeking contribution or indemnification. Under the circumstances herein, our interpretation of Business Corporation Law § 1312 as permitting the use of the procedural device of a third-party claim, which is available to all defendants, does not violate the intent of the statute.

## III

Even if Business Corporation Law § 1312 is applicable to the third-party action, we agree with Harper's additional contention that Baldwin failed to meet its burden of proving that Harper was "doing business" in New York, as contemplated by the statute *(see, Great White Whale Adv. v First Festival Prods.,* 81 AD2d 704, 706). Specifically, Baldwin did not establish that Harper's activities in New York have been so systematic and regular as to constitute continuity of activity in this jurisdiction *(see, Construction Specialties v Hartford Ins. Co.,* 97 AD2d 808). In this regard, it is noted that "[t]he incidents of business transacted in New York by a foreign corporation may be sufficient to subject it to service of New York process (CPLR 302) and yet insufficient to require it to [obtain] a certificate authorizing it to do business in New York" *(Colonial Mtge. Co. v First Fed. Sav. & Loan Assn.,* 57 AD2d 1046, 1047).

Harper, a Connecticut corporation, is in the business of manufacturing surface finishing machines. All of its offices and manufacturing facilities are maintained in Connecticut; Harper has no offices, warehouses or factories in New York, no employees are stationed here, and Harper has no local New York telephone number, bank accounts or property. Further, Harper had customers in 49 States and several foreign countries. During the fiscal years ending March 1981 through August 1985, Harper's sales in New York for all types of machines sold herein ranged from approximately 1% to 6% of the total sales of all machines and involved a dollar amount of New York sales of $1,758,000 out of a total of $46,624,000 for the stated time period. Moreover, Harper's activities in New York involving, in pertinent part, the solici-

tation of business from existing customers, the assembly and installation of its machines, and its instructional and informational services to its customers, were clearly incidental to its interstate sales of its products. The testimony of Harper's vice-president of finance that Harper had sold to a New York distributor, "who then turned it to the customers" is insufficient, without further elaboration, which is not present in the record, to warrant a finding that Harper induced intrastate sales on a regular and continuous basis.

The cases relied upon by the hearing court (see, Parkwood Furniture Co. v OK Furniture Co., 76 AD2d 905; Conklin Limestone Co. v Linden, 22 AD2d 63; Paper Mfrs. Co. v Ris Paper Co., 86 Misc 2d 95) involve foreign corporations whose intrastate activities were of a "regular, systematic, extensive and continuous" nature, not present in this case.

Thus, the activities of Harper, even coupled with the volume of its sales in New York, are insufficient to warrant a conclusion that it was doing business in New York (see, Colonial Mtge. Co. v First Fed. Sav. & Loan Assn., supra).

## IV

Accordingly, the order appealed from should be reversed, that branch of Harper's motion which was to dismiss the third affirmative defense should be granted, and that branch of Baldwin's cross motion which was to stay the third-party action should be denied.

KUNZEMAN, J. P., SPATT and SULLIVAN, JJ., concur.

Ordered that the order is reversed, with costs, that branch of the defendant third-party plaintiff's motion which was to dismiss the third affirmative defense is granted, and that branch of the third-party defendant's cross motion which was to stay the third-party action is denied.