■ UNITED ARAB SHIPPING COMPANY (S.A.G.), Appellant, v SALMAN AL-HASHIM et al., Respondents.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered August 20, 1990, which denied plaintiff's motion to renew and vacate a February 27, 1990 conditional order of dismissal, unanimously affirmed, with costs. The appeal from the order of the same court and same Justice entered on February 27, 1990, is dismissed as untimely, pursuant to CPLR 5513 (a), without costs.

The determination of the IAS court, that plaintiff, a Kuwaiti corporation engaged in the ocean shipping business, was "doing business" in this State and was therefore barred by Business Corporation Law § 1312 (a) from maintaining the

underlying contract actions against the defendants, its former employees, in New York unless and until the plaintiff had complied with the requirements of that statutory provision, was amply supported by the record.

Plaintiff's claim that Business Corporation Law § 1312 (a) is inapplicable because the plaintiff's activities in New York were merely incidental to international and interstate commerce is belied by the documentary evidence submitted by the defendants establishing that the plaintiff's activities were not merely casual or occasional, but, rather, regular, systematic and continuous (Construction Specialties v Hartford Ins. Co., 97 AD2d 808). Plaintiff's New York office, which employed approximately 17 full-time employees, actively solicited business, conducted its own sales activities, negotiated and executed contracts, and generated approximately $80 million in revenues and $16 million in profits during a one year period.

Notwithstanding plaintiff's claims to the contrary, plaintiff does not qualify as a "foreign state" entitled to sovereign immunity within the definition of the Foreign Sovereign Immunities Act of 1976 (28 USC § 1603 [a]) since the plaintiff is not an organ of a foreign State or a political subdivision thereof, but rather a company engaged in commercial activity for profit whose stock is held by at least six different foreign nations.

Finally, plaintiff's renewal motion was properly denied because plaintiff failed to provide any explanation for its failure to provide the newly offered information and documentation on the prior motion (Brann v City of New York, 96 AD2d 923).

We have reviewed plaintiff's remaining claims and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Smith and Rubin, JJ.