OPINION OF THE COURT
Per Curiam.
Judgment entered August 26, 1992 affirmed, with $25 costs.
*922 Plaintiff Maro Leather Co., a leather importer/finisher, commenced this breach of contract action against defendant airline in July 1985 to recover damages for the loss of two pallets of unfinished leather goods in February 1984 shipped from Argentina to New York. Following a reversal of our prior grant of summary judgment to defendant and reinstatement of the complaint (Maro Leather Co. v Aerolineas Argentinas, 142 AD2d 265, rearg denied NYLJ, Mar. 20, 1989, at 22, col 1), and the completion of certain discovery by defendant against a nonparty truck carrier concerning the origin of the cargo loss, the trial court awarded plaintiff a total award of $41,182.40, inclusive of prejudgment interest of $17,790 from February 2, 1984, the date of the loss. The principal amount of plaintiff’s recovery was $23,024.90 or slightly less than the Warsaw Convention liability limitation of $24,000 (1200 kilograms at $20 per kilogram) (Warsaw Convention art 22; 49 US Stat 3000, TS No. 876, reprinted at 49 USCA § 1502).
In awarding prejudgment interest in excess of the Warsaw Convention’s total damages limitation, the trial court relied upon the reasoning of Eli Lilly Argentina v Aerolineas Argentinas (133 Misc 2d 858), emphasizing the compensatory nature of prejudgment interest under New York law (see, CPLR 5001) and the goal of speedy resolution of cargo loss claims. We affirm.
We adopt the Fifth Circuit Court of Appeals position that prejudgment interest, while not specifically mentioned in the Warsaw Convention, is allowable in a cargo loss case since it speeds settlement and recovery and fully compensates the successful plaintiff for the time value of its money that defendant enjoyed from the delay in payment (Domangue v Eastern Air Lines, 722 F2d 256, 262-264 [5th Cir 1984] [allowing prejudgment interest under the Warsaw Convention on a wrongful death claim]; Boehringer-Mannheim Diagnostics v Pan Am. World Airways, 737 F2d 456, 460 [5th Cir 1984], cert denied, appeal dismissed 469 US 1186 [1985] [citing Domangue v Eastern Air Lines, supra, in upholding the award of prejudgment interest under the Warsaw Convention in a cargo damage case]; see also, Mahfoud v Eastern Air Lines, 17 Av Cas [CCH] 17,714 [WD La 1984], affd without opn 729 F2d 777 [5th Cir 1984], affd by an equally divided Court 474 US 213 [1985] [affirming a grant of prejudgment interest under the Warsaw Convention]; Eli Lilly Argentina v Aerolineas Argentinas, supra [citing Domangue v Eastern Air Lines, supra, in award *923 ing prejudgment interest under the Convention in a cargo damage case]; 2 Sorkin, Goods in Transit § 11.07 [4] [c]).
Here, given the length of time between the cargo loss (1984) and the judgment (1992) (eight years) and the fact that defendant’s conduct contributed to the delay in resolving this litigation (see, Domangue v Eastern Air Lines, supra, at 264), the award of prejudgment interest in plaintiffs favor was appropriate.
In affirming the determination of the trial court, we decline to follow the contrary holdings of both the Second Circuit in O’Rourke v Eastern Air Lines (730 F2d 842, 851-853 [2d Cir 1984] [upholding District Court’s refusal to award prejudgment interest above aggregate damages limitation under Warsaw Convention on a wrongful death claim stemming from the same disaster that generated the Domangue v Eastern Air Lines action]) and Exim Indus. v Pan Am. World Airways (754 F2d 106, 109 [2d Cir 1985] [citing O’Rourke v Eastern Air Lines, supra, in upholding a refusal to award prejudgment interest under the Convention in a cargo loss case]) and the Seventh Circuit in Deere & Co. v Deutsche Lufthansa AG. (855 F2d 385 [7th Cir 1988] [citing O’Rourke v Eastern Air Lines, supra, in reversing an award of prejudgment interest above the aggregate damages limitation of the Convention in a cargo damage case]). We note that our court, as a State court, is not bound under the doctrine of stare decisis by the opinions of these Federal courts (see generally, Pitt v City of New York, 94 AD2d 202, 207, affd 63 NY2d 815).
Turning to defendant’s remaining contentions, defendant’s August 1989 pretrial motion to dismiss the complaint based upon the lack of capacity of plaintiff (a New Jersey corporation) to maintain this action under Business Corporation Law § 1312 (a) was properly denied by the court below, following the Appellate Division’s reinstatement of the complaint under the governing tariff. A defendant relying upon Business Corporation Law § 1312 (a) has the burden of proving that the foreign corporate plaintiff was "doing business” in New York without authority (Great White Whale Adv. v First Festival Prods., 81 AD2d 704, 706). Specifically, defendant must prove that plaintiffs business activities here were "so systematic and regular as to manifest continuity of activity in the jurisdiction” (Construction Specialties v Hartford Ins. Co., 97 AD2d 808). A determination of whether regular and systematic intrastate activity has been undertaken must inquire into "the type of business activities being conducted” (Van *924 Arx, AG. v Breitenstein, 52 AD2d 1049, 1050, affd 41 NY2d 958). Where a foreign corporation’s activities within New York are "merely incidental to its business in interstate and international commerce,” Business Corporation Law § 1312 (a) is not applicable (Alicanto, S. A. v Woolverton, 129 AD2d 601, 603; see also, Storwal Intl. v Thorn Rock Realty Co., 784 F Supp 1141, 1144 [SD NY 1992]).
Significantly, the "doing business” standard under Business Corporation Law § 1312 (a) requires a greater amount of local activity by a foreign corporation than the "doing business” standard applicable under New York’s long-arm statute (CPLR 302) relating to personal jurisdiction (Colonial Mtge. Co. v First Fed. Sav. & Loan Assn., 57 AD2d 1046, 1047; Annotation, "Closed Door” Statutes, 88 ALR4th 466, 485, § 6 [a]). In the context of Business Corporation Law § 1312 (a), a foreign corporation bringing suit in New York is presumed to be doing business in its State of incorporation and not in New York (Alicanto, S. A. v Woolverton, supra, at 602; Great White Whale Adv. v First Festival Prods., supra, at 706). The statute is a "revenue measure, designed to place foreign corporations on an equal footing with domestic [corporations]” (Siegel, NY Prac § 30, at 32 [2d ed]). Its purpose is not to enable a defendant to avoid contractual obligations (Van Arx, AG. v Breitenstein, 41 NY2d, supra, at 960). Noncompliance with the registration and taxation requirements of Business Corporation Law § 1312 (a) does not raise a jurisdictional bar and is curable during the pendency of the action (Intermar Overseas v Argocean, S. A., 117 AD2d 492, 497).
On this record, defendant failed to meet its burden of proving that at the time of the 1984 contract of international air carriage, plaintiff conducted systematic and regular business activities here essential to its corporate business. Notably, the mere solicitation of sales in New York and placement of orders do not constitute doing business in the State within the meaning of Business Corporation Law § 1312 (a) (Sirois Leather v Lea-Suede Corp., 44 AD2d 815; Librairie Hachette v Paris Book Ctr., 62 Misc 2d 873, 875; 14 NY Jur 2d, Business Relationships, §§ 470, 479). The cases relied upon by defendant (see, United Arab Shipping Co. v Al-Hashim, 176 AD2d 569, appeal dismissed 79 NY2d 1038, appeal dismissed 80 NY2d 923; Parkwood Furniture Co. v OK Furniture Co., 76 AD2d 905; Conklin Limestone Co. v Linden, 22 AD2d 63; Paper Mfrs. Co. v Ris Paper Co., 86 Misc 2d 95) involve foreign corporations whose intrastate activities were of a "regular, system *925 atic, extensive and continuous nature,” not proven in this case.
Nor did the court below abuse its discretion in rejecting defendant’s dilatory efforts to conduct discovery on this issue on the eve of trial (see generally, Dunsmore v Paprin, 114 AD2d 836). Defendant offered no reasonable excuse nor special circumstances warranting that relief. This action had been pending for several months following reinstatement of the action and plaintiff’s subsequent response to a CPLR 3123 notice to admit that it was "doing business” in New Jersey as a leather importer. Nevertheless, defendant did not seek to depose plaintiff concerning the nature and level of plaintiff’s business activity here (see generally, Fine Arts Enters. v Levy, 149 AD2d 795, 796). Although defendant ultimately completed its own investigation in October 1989, defendant failed to ascertain such pivotal factors as the volume of plaintiff’s sales within New York, both in number and dollar amounts (Reese v Harper Surface Finishing Sys., 129 AD2d 159, 165; Peter Matthews, Ltd. v Robert Mabey, Inc., 117 AD2d 943, 944; Parkwood Furniture Co. v OK Furniture Co., supra). We further note that soon after plaintiff’s filing of a notice of trial and certificate of readiness, defendant had indicated in May 1989 that it had no desire for further discovery, other than to depose plaintiff’s New Jersey truck carrier as to the circumstances of the delivery of the airport shipment.
Miller, J. P., McCooe and Glen, JJ., concur.