OPINION OF THE COURT
Richard F. Braun, J.
This is an action seeking attorney’s fees in the amount of $35,000. The action was removed from the Supreme Court to the Civil Court, pursuant to CPLR 325 (d). Plaintiff noticed this action for trial, and defendant Cheryl Turney Hill (Defendant) moves to vacate plaintiff’s notice of trial and to compel disclosure. The motion must be denied.
When this action was in the Supreme Court, plaintiff served a note of issue in order to have this action placed on the Trial Calendar in that court. Defendant made a motion there to vacate the note of issue and to compel certain disclosure. That motion was never decided before this action was transferred to the Civil Court.
Plaintiffs service and filing of a notice of trial, pursuant to CCA 1301, was superfluous. When an action noticed for trial by a note of issue in Supreme Court is transferred to the Civil Court, it is unnecessary to serve and file a notice of trial in Civil Court. 22 NYCRR 208.15 provides: "Actions transferred from the Supreme Court to the Civil Court of the City of New York shall be placed in such order and relative position on the appropriate calendars that they will be reached for trial insofar as practicable as if a notice of trial had been filed in the Civil Court of the City of New York for the same date as that for which the note of issue was filed in the Supreme Court.” (Emphasis added.) Thus, the branch of Defendant’s motion which seeks vacatur of plaintiff’s notice of trial will not be granted because the motion is addressed toward an unneeded document. As the note of issue was all that was necessary to calendar this action for trial, the proper procedure for Defendant was to have moved to calendar in Special Term Part I of this court the motion made in Supreme Court seeking vacatur of the note of issue.
Defendant’s motion to compel disclosure stands in part on the same footing as the motion to strike the notice of trial. That part of the motion to compel which is duplicative of the undecided motion made in Supreme Court should await a disposition of that motion if it is placed on the motion calendar of *896 this court. The balance of the current motion to compel relates to an alleged deficiency in plaintiffs December 30, 1993 response to Defendant’s November 22, 1993 notice of discovery and inspection (Notice). This issue was not raised in Defendant’s motion in Supreme Court, although that motion was made in April 1994.
Once a note of issue has been filed in an action in Supreme Court, a court can only order pretrial discovery if "unusual or unanticipated circumstances develop subsequent to the filing of [the] note of issue and certificate of readiness which require additional pretrial proceedings to prevent substantial prejudice”. (22 NYCRR 202.21 [d]; Price v Bloomingdale’s, 166 AD2d 151 [1st Dept 1990].) Substantially the same rule applies in the Civil Court (22 NYCRR 208.17 [d]; see, Maro Leather Co. v Aerolineas Argentinas, 161 Misc 2d 920 [App Term, 1st Dept 1994]). Plaintiff filed its note of issue in Supreme Court before Defendant made her motion there. Defendant should have included her request for relief regarding the Notice in her motion in Supreme Court, and she does not explain why she waited until 16 months after that motion to make the instant motion. Defendant has not met the regulatory standard for making her motion at this late date, but this ruling is without prejudice to a determination of the undecided motion made in Supreme Court, if it is calendared in Special Term Part I of this court.